104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Gregorio CRUZ, Defendant-Appellant.
 No. 96-1267.
 United States Court of Appeals, Second Circuit.
 Dec. 9, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Barrington D. Parker, Judge).
 APPEARING FOR APPELLANT: Kevin P. Gilleece, Gilleece & Gilleece, White Plains, N.Y.
 APPEARING FOR APPELLEE: Thomas A. Arena, Asst. U.S. Atty., New York, N.Y.
 S.D.N.Y.
 AFFIRMED.
 PRESENT: NEWMAN, Chief Judge. WINTER, and WALKER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Gregorio Cruz appeals from the April 16, 1996, judgment of the District Court convicting him following his plea of guilty to postal robbery in violation of 18 U.S.C. § 2114 (1994). Cruz contends that it was error for the District Court to deny his motion to withdraw his guilty plea, and to do so without an evidentiary hearing. We affirm.
 
 
 4
 On April 28, 1995, Cruz pled not guilty to all counts of an indictment charging him with conspiracy, postal robbery, and firearms violations. Jury selection was scheduled for October 30, 1995. On that date, however, Cruz moved for an adjournment and requested the appointment of new counsel. Addressing the Court in broken English, and without the aid of an interpreter, Cruz stated that he did not trust his counsel, and that he disagreed with the manner in which the attorney was conducting his defense. After granting the request for the appointment of new counsel, the Court adjourned the trial date.
 
 
 5
 On the rescheduled trial date, Cruz's replacement counsel advised the Court that Cruz had agreed to plead guilty to the postal robbery count in exchange for the dismissal of the other two Counts. After Cruz was sworn, the Court addressed Cruz at length in English, and Cruz responded in English. During this plea allocution, all of Cruz's answers were appropriate for the questions posed by the Court.
 
 
 6
 In response to the question whether he had any difficulty understanding the English language, Cruz answered that he did not. Cruz also stated that he was satisfied with his attorney, and indicated that he understood what rights he was giving up by pleading guilty, and that he had discussed the sentencing guidelines with his attorney.
 
 
 7
 He acknowledged that he had read the plea agreement, discussed it with his attorney, and signed it. He also answered that he had not been threatened or coerced into signing the plea agreement, and that he had signed it of his own free will. He stated that he understood that his sentence would be determined solely by the Court and that any sentencing predictions or estimates made by his attorney or by the Government could be wrong.
 
 
 8
 After determining that Cruz was competent to enter an informed plea, the Court accepted the plea of guilty, and adjourned the case for sentencing.
 
 
 9
 More than one month later, Cruz wrote a letter to the Court stating that he wished to withdraw his plea before sentencing, and that he wanted an interpreter. He repeated these requests in an identical letter sent one week later. In a third letter, he again sought to withdraw his plea and also asked to change his counsel. Cruz alleged that his attorney had deprived him of an interpreter even though he had requested one, that his attorney had coerced him into pleading guilty by falsely representing that if he went to trial he would possibly be sentenced to forty or fifty years imprisonment (instead of the actual maximum term of thirty years), and that he did not understand the plea agreement.
 
 
 10
 Represented by new counsel, Cruz thereafter re-appeared before Judge Parker. Judge Parker inquired into the basis of the motion to withdraw the plea. Cruz's attorney reiterated the allegations that Cruz had made in his letters. He added that on the day of Cruz's plea, the previous attorney was unprepared and unfamiliar with the case, had not communicated with Cruz until the very day of the hearing, and had failed to comply with Cruz's request to subpoena certain witnesses. Cruz added--again in English--that the attorney failed to move to have the case transferred to Manhattan.
 
 
 11
 After Cruz and his attorney had addressed the Court, Judge Parker denied the motion without granting a hearing, stating that the new allegations were so flatly contradicted by the statements and the demeanor of the defendant during plea allocution that there was no just reason for allowing withdrawal of the plea.
 
 
 12
 1. Whether a defendant has made a sufficient showing that there is a fair and just reason for the withdrawal of a guilty plea is a determination entrusted to the broad discretion of the trial court. United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir.1992) (citing United States v. O'Hara, 960 F.2d 11 (2d Cir.1992)). In exercising that discretion, the court must consider whether the defendant has demonstrated that valid grounds exist for the withdrawal. Id. Our review of the record leads us to the conclusion that Judge Parker did not abuse his discretion in finding that Cruz failed to make the showing necessary to justify granting his motion to withdraw his plea.
 
 
 13
 Significantly, Cruz participated in more than one in-court discussion without the aid of an interpreter. Despite his present assertions to the contrary, his statements in open court demonstrated his ability to speak and understand the English language. Similarly, Cruz's claim that he was coerced into pleading guilty is unsupported and contradicts his statement during plea allocution that he had not been coerced into pleading guilty.
 
 
 14
 Finally, Cruz's claim of ineffective assistance of counsel not only fails to overcome the strong presumption of reasonable attorney conduct, but also clearly fails to make an affirmative showing of prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). First, the allegations of unreasonable attorney conduct again contradict Cruz's prior sworn testimony that he was satisfied with the way his attorney was representing him. Moreover, the lack of prejudice is evident from the absence of any indication that Cruz might have proceeded to trial had he been represented by other counsel. Notably, Cruz offers no factual or legal argument that would create a defense to the charges against him.
 
 
 15
 In light of the extensive sworn testimony contradicting the appellant's unsupported claims, it was well within the discretion of the trial court to deny the motion to withdraw the guilty plea.
 
 
 16
 2. The denial of an evidentiary hearing on a motion for withdrawal of a plea is proper when the allegations "merely contradict the record, are inherently incredible, or are simply conclusory." Gonzalez, 970 F.2d at 1100. The District Court properly determined that Cruz's allegations fell within the category of contradictory assertions.